### John W. Wolven v. Israel Shoudy.

1. REAL ESTATE AGENT—*When Entitled to Commission.*—Where a real estate agent finds a purchaser who is ready, willing and able to purchase land, placed in his hands for sale, he will be entitled to his commission, notwithstanding the owner may refuse to consummate the sale.

Assumpsit, for commissions. Appeal from the Circuit Court of Winnebago County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

B. A. KNIGHT, attorney for appellant.

D. W. SHOUDY and GARVER & FISHER, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant before a justice of the peace to

Wolven v. Shoudy.

recover for commissions alleged to be due him, for effecting a sale or exchange of real estate between appellant and one Martin.

Appellee recovered before the justice; appellant took the case to the Circuit Court by appeal, and on a trial *de novo* appellee recovered a judgment for $150 and costs.  The controversy between the parties appears to be one of fact mainly, there being very little difference between counsel as to the law in such cases, as indeed there could not be, upon a question concerning which the law is so well settled. A discussion of the evidence would serve no useful purpose. There seems to be no dispute about the fact that appellant placed in the hands of appellee certain real estate to sell or trade, nor about the further fact, that through the efforts of appellee, the witness, Cyrus S. Martin, and appellant, were brought into negotiations with each other, which resulted in a written agreement to exchange or trade properties described in the agreement and upon the terms therein set forth.  It is not denied that appellant withdrew from this trade, and refused to consummate it, although by no fault of appellee.  Having brought the parties together, and they having entered into an agreement to exchange properties, which agreement the evidence shows Martin was able and willing to carry out, appellant could not, by his own refusal to consummate the agreement, defeat appellee's right to commissions.  It is true, there is some conflict between appellant and appellee, as to the terms of the contract for commissions, but this was for the jury to reconcile, and the question having been twice tried below, once before the justice and again by a jury in the Circuit Court and determined in favor of appellee, we are not disposed now to disturb the judgment.  Under the circumstances in this case, we do not think the court erred in allowing the witness Martin to testify that he was ready and willing to carry out the contract between himself and appellant.  Whether he was ready and willing to consummate the trade was not a conclusion simply but a fact, that he alone could testify to with certainty.

There was no material error in the instructions.  Those

given for appellee fairly stated the law applicable to the case, and those given for appellant were certainly as favorable to him as he was entitled to. Finding no reversible error in the record, the judgment will be affirmed.