# William B. Pusey, Appellant, v. Tobias Varland, Appellee.

## Gen. No. 6,983.

1. BROKERS—*when contract is one to pay reasonable value of services.*  Where a landowner in making arrangements with a real estate agent to sell his land refused to pay 2½ per cent commission but told the agent to go ahead and he would pay him well if a buyer was secured. the contract must be construed as one to pay the agent what his services were reasonably worth.

2. APPEAL AND ERROR—*when verdict not allowed to stand because of inadequacy.*  In a suit by a real estate agent for compensation for his services in procuring a buyer for defendant's land, where the verdict was lower than the lowest valuation fixed by any witness for such services, it should not, upon appeal by plaintiff, be allowed to stand.

3. BROKERS—*how right to compensation cannot be defeated.*  Where a real estate agent procures a buyer for land in accordance with an agreement with the owner, his right to compensation cannot be defeated by a declaration by the owner that the land is not for sale.

4. BROKERS—*what question proper on examination of proposed purchaser in action for compensation.*  In an action by a real estate agent for compensation for his services in procuring a buyer for land, the proposed purchaser should be allowed to answer a question as to whether he was financially able to purchase the land on the terms offered, as plaintiff was not bound to go into details as to the financial condition and resources of such proposed purchaser.

5. APPEAL AND ERROR—*what party estopped to complain of lack of proof.* Where one party by interposing objections prevents the opposite party's witness from answering a certain question, the objecting party cannot, on appeal, complain that the proof which the question called for is lacking.

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed February 23, 1922.

KELLY & KELLY, for appellant.

ROBERT CARR, ROBERT C. CARR and BUTTERS & CLARK, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

William B. Pusey, a real estate agent, sued Tobias Varland, a retired farmer, for compensation claimed to have been earned by the former from the latter for procuring a purchaser of a farm owned by defendant. Plaintiff filed the common counts in assumpsit and afterwards a special count. The general issue was filed by defendant and there was a jury trial and a verdict for plaintiff for $100. Plaintiff moved for a new trial, which was denied, and moved in arrest of judgment, which was denied. There was a judgment for plaintiff for $100, from which he appeals. Defendant assigns cross errors.

The farm contained 162 acres. There were three arrangements between the parties. Defendant put the farm in the hands of plaintiff to sell at $210 per acre and told him if plaintiff would get him a buyer at that price, he would pay plaintiff $500 for his services and plaintiff did various things to procure a buyer under that arrangement. Afterwards defendant told plaintiff that he would raise the price to $225 per acre, and plaintiff told defendant that he was to have 2½ per cent commission if he procured

a buyer at that price. Defendant refused to make a contract for 2½ per cent commission but told him to go ahead and he would pay plaintiff well for obtaining a buyer at that price and plaintiff did various other things under that arrangement. Defendant then came to plaintiff and told him to raise the price to $250 per acre and plaintiff said that if he got a buyer at that price he must have 2½ per cent commission. Defendant refused to consent to that, but said that if plaintiff got a buyer at that price, he would pay plaintiff well. Afterwards plaintiff brought defendant a buyer at $250 per acre. Defendant then said the farm was not for sale; and that he had made up his mind long ago not to sell. Defendant admitted that he had not informed plaintiff that he had determined not to sell. Defendant refused to pay plaintiff anything for his services and plaintiff then brought this suit. As defendant, at the last two negotiations with plaintiff, refused to pay plaintiff 2½ per cent commission, but agreed to pay him well, and as plaintiff then proceeded to endeavor to procure a purchaser, we must construe the contract as being that plaintiff was to endeavor to procure a purchaser for defendant's farm on the terms proposed and that, if he did so, defendant would pay plaintiff what his services were reasonably worth. At a later date a real estate board in Ottawa, where these transactions occurred, fixed a percentage basis for sales of farm lands, but at the time of the transactions here in question, while some real estate agents in Ottawa sold farm lands on the percentage basis, the usual custom was to sell them at a certain rate per acre. The proofs as to what was the usual and customary price charged and paid at Ottawa for the sale of farm lands during the period covered by these efforts by plaintiff for defendant ranged from $1.00 per acre to $2.50 per acre and one witness carried it as high as $3.00 per acre. If the verdict had been within those bounds, we think

it should have been sustained, but the verdict of the jury was lower than the lowest valuation fixed by any witness for such services, and therefore we are of the opinion that the verdict should not be allowed to stand. We are not convinced by the argument of defendant's counsel that if the jury found a verdict for plaintiff for a much less sum than any evidence shows him entitled to, the court of appeal is neverthless bound to affirm the judgment.

Defendant contends that plaintiff's proofs did not justify a recovery under the common counts nor under the special count. The terms which defendant had stated were $250 per acre, $1,000 down and the rest on the first day of March following. When plaintiff presented a proposed purchaser, ready, willing and able to buy this farm on those terms, he had performed all he was engaged to do, and he was then entitled to be paid for his services under the common counts, and could not be defeated by the statement by the defendant that the farm was not for sale. The abstract sets out the special count as stating that the contract was that defendant would pay plaintiff what his services were reasonably worth, "but not less than $500." The quoted words are not contained in the special count, nor anything to that effect. With those words eliminated, the proofs make a case under the special count, as well as under the common counts, and permit a recovery by plaintiff for what his services were reasonably worth.

But defendant's counsel say that plaintiff did not prove that the purchaser whom he procured was able to pay the required price. Plaintiff asked that question of the proposed purchaser as a witness and also asked him whether he was financially able to purchase the farm on the terms offered. Objections by defendant to these questions were sustained. We are of opinion that the questions were proper. Whether the proposed purchaser was able to purchase was a fact,

and not a mere conclusion. *Wolven v. Shoudy,* 66 Ill. App. 42. We are of opinion that plaintiff was not bound to go into the details of the financial condition and resources of the proposed purchaser in chief, though he could have done so, and those were proper matters for cross-examination. Defendant, having prevented plaintiff from obtaining an answer to that direct question, cannot now complain that the proof it called for is lacking. *Follett v. Illinois Cent. R. Co.,* 200 Ill. App. 289, and cases cited on p. 292. The rejection by defendant of the offer was not on the ground that the proposed buyer was not financially able to buy but that the farm was not for sale.

We find nothing in the argument by defendant's counsel upon the cross errors which requires further discussion, as his counsel say they wish the judgment affirmed. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*